UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IVAN G. McKINNEY, : | |
| : | |
| Plaintiff, : | Civ. No. 18-12987 (FLW) |
| : | |
| v. : | |
| : | |
| SGT FITZGERALD et al., : | **MEMORANDUM OPINION** |
| : | |
| Defendants. : | |

This matter has been opened to the Court by Plaintiff Ivan McKinney's ("McKinney" or "Plaintiff") response to the Court's Order to Show Cause requiring him to show cause as to why his Complaint should not be dismissed as untimely. *See* ECF Nos. 15, 16. Having considered Plaintiff's submissions, and for the reasons explained below, the Court dismisses <u>without prejudice</u> the federal claims brought pursuant to 42 U.S.C. § 1983 under § 1915(e)(2)(B) as untimely. The Court also administratively terminates this matter at this time. To the extent Plaintiff can provide sufficient facts to support equitable tolling of his federal claims, he may submit an all-inclusive amended complaint and a motion to reopen within 45 days in accordance with this Memorandum Opinion. Otherwise, this matter shall be dismissed with prejudice as untimely and closed accordingly.

McKinney's claims in this action arise from alleged interactions with corrections officers on March 28, 2015, July 13, 2015, April 3, 2016, and April 5, 2016. *See* ECF No. 1. McKinney alleges that a corrections officer touched him inappropriately during a pat-down search on March 28, 2015 and that, when McKinney complained, other officers subjected him to a retaliatory strip search. *See id.* at 4–5, 6–9. He also alleges that an officer pulled his pants down in the law library on July 13, 2015. *Id.* at 9–11. McKinney further contends that another officer

inappropriately touched him during a pat-down search on April 3, 2016. *Id.* at 11–12. He claims that, after he filed a grievance regarding the last incident, several officers retaliated against him on April 5, 2016, by yelling at him and threatening him. *Id.* at 13–20. Plaintiff has sued the corrections officers involved in the incidents and their supervisors, asserting claims pursuant to 42 U.S.C. § 1983. *See id.*

The Complaint in this matter is undated, and was received by the Clerk's Office on August 17, 2018. ECF No. 1. Plaintiff's cover letter addressed to the Clerk of the Court is dated August 13, 2018, and his account statement, submitted with his IFP application, is also for the six-month period immediately preceding the filing of the Complaint in August 2018. *See* ECF Nos. 1-1, 1-3.

In his cover letter, however, McKinney states that he originally sent his Complaint on May 12, 2016. *See* ECF No. 1-3. That letter reads,

> I filed this case on 05-12-16 in good faith! I filed this at New Jersey State Prison on unit 4-C in good faith. As-per the prisoner's mailbox rule in Houston v. Lack and other cases, The U.S. Supreme Court said that my mail is filed when I hand it to the officer. I am refiling this action today 08-13-18 in good Faith certified mail. I have enclosed my 05-12-16 Receipt in which I originally filed.

*Id.* McKinney includes a copy of an NJSP Postage Remit form for postage in the amount of $1.57 for legal mail addressed to this District's Newark courthouse, which bears the date of May 12, 2016. *See* ECF No. 1-5.

McKinney, who is a frequent litigator in this District, has claimed in at least three different actions filed in 2018 that he gave his complaint to prison officials for mailing at an earlier date, but the pleading was never docketed. *See McKinney v. Fitzgerald*, Civ. No. 18-12987, *McKinney v. Lanigan*, Civ. No. 18-8618, *McKinney v. Lanigan*, Civ. No. 18-309.

2

This Court issued an Order to Show Cause requiring Plaintiff to show cause as to why the Complaint in this action should not be dismissed as untimely. ECF Nos. 9-10. The Court now considers Plaintiff's response to the Order to Show Cause, ECF No. 15, and screens the Complaint for dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

Under the Prison Litigation Reform Act, Pub. L. 104-134, §§ 801–810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review prisoner complaints when the prisoner (1) is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), (2) seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A, or (3) asserts a claim concerning prison conditions, *see* 42 U.S.C. § 1997e(c). The PLRA directs district courts to *sua sponte* dismiss claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); 42 U.S.C. § 1997e(c).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012); *see also Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To survive the Court's screening for failure to state a claim, the complaint must allege "sufficient factual matter to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, will be liberally construed. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972); *Glunk v. Noone*, 689 F. App'x 137, 139 (3d Cir. 2017). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

The Court first addresses the prisoner mailbox rule. In his cover letter, Plaintiff's refers to the federal "prisoner mailbox rule," which provides that a pro se prisoner's submission is generally deemed filed "at the time [the inmate] delivered it to the prison authorities for forwarding to the court clerk." *Houston v. Lack*, 487 U.S. 266, 275–76 (1988). Although the doctrine arose in the context of habeas corpus petitions, the Third Circuit has extended it to civil actions brought under 42 U.S.C. § 1983. *See Pearson v. Secretary Dep't of Corr.*, 775 F.3d 598, 600 n.2 (3d Cir. 2015) (applying rule in section 1983 action and determining that pro se prisoner plaintiff filed complaint on date he signed it). As noted by this Court in its prior Opinion, the rule applies where a habeas petition or civil complaint is handed to prison officials near the expiration of the limitations period but is not received by the Court until several days or a few weeks later. For instance, in *Pearson*, the plaintiff's complaint was signed on February 28, 2009, and received by the court on March 3, 2009, and the plaintiff received the benefit of the earlier filing date. *See id.*

As explained below, the Court declines to apply the prisoner mailbox rule to Plaintiff's claims because the Postage Remit and the Complaint itself do not support his contention that he

originally submitted his Complaint for filing on May 12, 2016, and because Plaintiff waited more than two years to follow up about his missing complaint.

As noted above, Plaintiff includes a Postage Remit as "evidence" that he delivered his pleading to prison officials for mailing on a May 12, 2016. The Postage Remit for legal mail is dated "05-12-16" and indicates postage in the amount of $1.57 for legal mail sent to the Newark Vicinage. ECF No. 1-5. This Postage Remit coincides exactly with a motion for pro bono counsel that McKinney submitted in a different case that was then-pending in the Newark vicinage before the Honorable Kevin McNulty. *See McKinney v. Hemsley*, Civ. Act. No. 14-3564 (KM), ECF No. 35. The cover letter included with the motion for pro bono counsel is dated "05-12-16," and the motion was received and docketed by the Clerk of the Court on May 16, 2016. *See id.*, ECF No. 35-2. The envelope for this motion is postmarked May 13, 2016, and bears postage for $1.57—the exact amount indicated on the postage remit that supposedly reflects the initial mailing of the complaint in this action. *See id.* at 3. The docketed submission in *McKinney v. Hemsley*, Civ. Act. No. 14-3564 includes only the pro bono counsel motion, and does not include Plaintiff's Complaint as an attachment or otherwise.[1] *See* ECF No. 35.

The Complaint McKinney "resubmitted" for filing in 2018 also contains references to the year 2018, which suggest that it was originally drafted and submitted in 2018 and not in 2016, as Plaintiff states in his cover letter. For instance, the Complaint alleges in the claim against Antonio Campos that he was the acting administrator on "03-28-18." ECF No. 1 at 9 (emphasis added). Another section of the Complaint's allegations includes two dates where McKinney wrote a corrected year of "16" over what appears to originally have been "18." *See id.* at 15.

---

[1] If Plaintiff's complaint was submitted with his motion for pro bono counsel in 14-3564, the Clerk of the Court would not have discarded it; rather, the Clerk of the Court would have either docketed that Complaint along with the pro bono counsel motion in 14-3564 or sent the Complaint to Trenton for docketing as a new case if it was clearly unrelated to 14-3564.

Plaintiff's account statement, although uncertified, is also for the six-month period that immediately precedes the filing of this action in 2018. *See* ECF No. 1-1.

Thus, even if the Court accepts McKinney's assertions in his response to the Order to Show Cause that that he has recurring problems with his legal mail and that he sometimes sends legal mail for different cases in one envelope, Plaintiff's proffered explanations strain credulity in light of the evidence showing that the Postage Remit is for a different matter and that there are references to the year 2018 in the allegedly resubmitted complaint. In order to apply the prisoner mailbox rule, the Court would have to find that Plaintiff submitted his original complaint with the pro bono counsel motion in *McKinney v. Hemsley*, Civ. Act. No. 14-3564, and one of the following scenarios occurred: 1) the Clerk's Office promptly docketed the motion for pro bono counsel but inexplicably failed to docket Plaintiff's complaint; or prison officials properly mailed McKinney's motion for pro bono counsel but inexplicably removed the new complaint from that submission. Neither of these possibilities appears plausible. Moreover, the Court would have to ignore the fact that Plaintiff waited for more than two years to follow up about his "missing" complaint even though he was allegedly experiencing problems with his legal mail. For these reasons, the Court declines to apply the prisoner mailbox rule or deem Plaintiff's Complaint filed on May 12, 2016.

The Court next assesses the timeliness of McKinney's Complaint. While a plaintiff is not required to plead that the claim has been brought within the statute of limitations, *Ray v. Kertes*, 285 F.3d 287, 297 (3d Cir. 2002), the Supreme Court observed in *Jones v. Bock*, 549 U.S. 199, 215 (2007), that if the allegations of a complaint, "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." The same principle applies to screening complaints under the PLRA. *See Whitenight v. Commonwealth of*

*Pennsylvania State Police*, 674 F. App'x. 142, 144 (3d Cir. 2017) ("When screening a complaint under § 1915, a district court may *sua sponte* dismiss the complaint as untimely under the statute of limitations where the defense is obvious from the complaint and no development of the factual record is required."); *Paluch v. Secretary Pennsylvania Dept. of Corrections*, 442 F. App'x. 690, 694 n. 2 (3d Cir.2011) ("Although the statute of limitations applicable to § 1983 actions is an affirmative defense, which may be waived by the defendant, it is appropriate to dismiss *sua sponte* under § 1915(e)(2) a complaint whose untimeliness is apparent from the face of the record"); *McPherson v. United States*, 2010 WL 3446879 at *4 (3d Cir. Sept. 2, 2010) ("[W]hen a statute-of-limitations defense is apparent from the face of the complaint, a court may *sua sponte* dismiss the complaint pursuant to 28 U.S.C. § 1915 or 28 U.S.C. § 1915A"); *see also Archie v. City of Newark*, No. 12–3657 FSH, 2012 WL 2476229, at *3 (D.N.J. June 27, 2012) (dismissing complaint as time barred under sua sponte screening authority).

Under New Jersey law, there is a two-year statute of limitations period for personal-injury torts.  N.J. Stat. Ann. § 2A:14–2.  Because a § 1983 claim is characterized as a personal-injury claim, such claims are governed by the applicable state's statute of limitations for personal-injury claims.  *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); *see also Cito v. Bridgewater Township Police Dept.*, 892 F.2d 23, 25 (3d Cir. 1989).

The limitation period begins to run on the accrual date, which is governed by federal law. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009).  Under federal law, a claim accrues when the facts which support the claim reasonably should have become known to the plaintiff.  *Sameric Corp. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998); *Cetel v. Kirwan Fin. Grp.. Inc.*, 460 F.3d 494, 507 (3d Cir. 2006) (quoting *Mathews v. Kidder Peabody & Co.*, 260 F.3d 239, 252 (3d Cir. 2001)); *see also Large v. County of Montgomery*, 307 F. App'x. 606, 606 (3d Cir. 2009).

"The determination of the time at which a claim accrues is an objective inquiry; [courts] ask not what the plaintiff actually knew but what a reasonable person should have known." *Kach*, 589 F.3d at 634.  Importantly, accrual is not tied to whether the potential claimant knew or should have known that the injury constitutes a legal wrong. *Giles v. City of Philadelphia*, 542 F. App'x. 121, 123 (3d Cir. 2013) (citing *Sandutch v. Muroski*, 684 F.2d 252. 254 (3d Cir. 1982)). Rather, "a cause of action accrues when the fact of injury and its connection to the defendant would be recognized by a reasonable person." *Kriss v. Fayette Cty.*, 827 F. Supp. 2d 477, 484 (W.D. Pa. 2011) aff'd, 504 F. App'x. 182 (3d Cir. 2012) (emphasis added). Accordingly, "[a]s a general matter, a cause of action accrues at the time of the last event necessary to complete the tort, usually at the time the plaintiff suffers an injury." *Kach*, 589 F.3d at 634.  Furthermore, "the rule that a cause of action accrues upon discovery of the injury does not require that a plaintiff have identified every party who may be liable on its claim." *Graff v. Kohlman*, 28 F. App'x. 151, 154 (3d Cir. 2002) (citing *New Castle County v. Halliburton NUS Corp.*, 111 F.3d 1116, 1125 (3d Cir. 1997)).

Here, McKinney's federal claims are untimely on the face of his Complaint.  Plaintiff alleges that the underlying acts and harm occurred on March 28, 2015, July 13, 2015, April 3, 2016, and April 5, 2016.  Absent tolling or delayed accrual, the two-year limitations periods for his claims ended, respectively, on March 28, 2017, July 13, 2017, April 3, 2018, and April 5, 2018.  The Complaint was received by the Clerk's Office on August 17, 2018, over four months after the expiration of the latest limitations period, and included a cover letter dated August 13, 2018.  *See* ECF No. 1-3.  The Court will give McKinney the benefit of the doubt, as appropriate for a *pro se* litigant, and assume, under the "mailbox rule," *see Houston*, 487 U.S. at 270–71, that

8

he may have given it to prison staff for filing as early as August 13, 2018. Nonetheless, the Complaint is still facially untimely.

McKinney's Complaint could also be deemed timely if he pleaded facts in the Complaint to support equitable tolling. Equitable tolling applies

> where 'the complainant has been induced or tricked by his adversary's misconduct into allowing the deadline to pass,' or where a plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum.

*Cason v. Arie Street Police Dep't,* Civ. No. 10–497 (KSH), 2010 WL 2674399, at *5 n.4 (D.N.J. June 29, 2010) (quoting *Freeman v. State,* 788 A.2d 867, 879–80 (N.J. Super. Ct. App. Div. 2002)). The Court of Appeals for the Third Circuit has noted that "'[a] petitioner seeking equitable tolling bears the burden to show that he diligently pursued his rights and that some extraordinary circumstances stood in [the] way.'" *Hanani v. N.J. Dep't of Evnt'l Protection*, 205 F. App'x 71, 77 (3d Cir. 2006) (quoting *Satterfield v. Johnson*, 434 F.3d 185, 188 (3d Cir. 2006)). Courts that have considered the issue have also found that it is necessary to plead the doctrine or facts in support thereof where the claims are facially untimely. *See, e.g., Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1391 n. 10 (3d Cir. 1994) (reviewing the dismissal of a claim as untimely and stating "[w]e do not apply this doctrine to Oshiver's failure to hire claim, however, because nowhere in the complaint does Oshiver allege that the law firm misled her, actively or otherwise, with respect to this claim. Accordingly, there is no basis for the application of the equitable tolling doctrine.") (emphasis added); *see also Wasco Prods., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 991 (9th Cir.) (stating that "federal courts have repeatedly held that plaintiffs seeking to toll the statute of limitations on various grounds must have included the allegations in their pleadings….").

9

Here, Plaintiff's Complaint does not include any allegations that would warrant equitable tolling in the pleading itself. Indeed, even if the Court were to consider the allegations about the postage remit as part of his Complaint, those allegations are implausible for the reasons explained above. It is possible, however, that Plaintiff may be able to clarify or provide additional facts or evidence in support of equitable tolling, and the Court will provide a final opportunity for Plaintiff to submit an Amended Complaint prior to dismissing the Complaint with prejudice and closing this matter.

At this time, the Court dismisses the Complaint <u>without prejudice</u> as untimely under 28 U.S.C. § 1915(e)(2)(B). Within 45 days, Plaintiff may file an Amended Complaint if he can provide facts to support equitable tolling. If Plaintiff intends to amend, the Court will require him to submit a Verified Amended Complaint and swear to the facts contained therein under penalty of perjury.[2]

Plaintiff is notified that an amended complaint, once accepted by the Court, replaces the original one. *Florida Dep't of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 706 n. 2 (1982) (White, J., concurring in part and dissenting in part) ("It is the complaint which defines the nature of an action, and once accepted, an amended complaint replaces the original."); *see also Zrodskey v. Head Classification Officer*, Civ. No. 11-283, 2011 WL 5881813, *2 (D.N.J. Nov. 23, 2011) (citing *Snyder v. Pasack Valley Hosp.*, 303 F.3d 271, 276 (3d Cir. 2002) ("As a general matter, once an amended complaint is filed, that document replaces all prior complaints.")). As such, Plaintiff must include in the Amended Complaint the facts to support his underlying claims as well as the facts in support of equitable tolling.

---

[2] If Plaintiff is unsure or confused about whether (and when) he originally mailed the complaint in this action, he should <u>not</u> include those facts in his amended complaint or swear to them under penalty of perjury.

In sum, the Complaint is dismissed in its entirety pursuant to the Court's screening authority under § 1915(e). At this time, the Court will administratively terminate this matter and permit Plaintiff to submit an Amended Complaint within 45 day and a motion to reopen this matter in accordance with this Memorandum Opinion. If Plaintiff does not submit an Amended Complaint within 45 days, the Court will enter an Order dismissing the complaint with prejudice and close this matter accordingly. An appropriate Order follows.

 

FREDA L. WOLFSON
U.S. Chief District Judge     1/10/2022