**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IVAN G. MCKINNEY, <br><br> Plaintiff, <br><br> v. <br><br> SGT. FITZGERALD *et al.*, <br><br> Defendants. | Civil Action No. 18-12987 (MAS) (RLS) <br><br> **OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Plaintiff Ivan G. McKinney's ("Plaintiff") motion seeking leave to file an amended complaint (ECF No. 27) in this matter filed in response to Judge Wolfson's dismissal of his original complaint without prejudice as time barred. (ECF Nos. 17-18.) For the following reasons, Plaintiff's motion to amend is denied without prejudice as Plaintiff was previously granted leave to amend by Judge Wolfson, and Plaintiff's amended complaint shall be dismissed with prejudice as time barred.

**I.   BACKGROUND**

Plaintiff filed his initial complaint in this matter in mid-August 2018. (ECF No. 1.) In his complaint, Plaintiff raised various federal civil rights claims related to events which occurred between March 2015 and April 2016, in which he alleges various prison guards assaulted him, retaliated against him, and otherwise wronged him. (*Id.*) In February 2019, Judge Wolfson entered an order which directed Plaintiff to show cause why his claims were not time barred as more than two years passed between the final event and the filing of the complaint. (ECF Nos. 9-10.)

Following Plaintiff's response (ECF No. 16), Judge Wolfson dismissed the complaint without prejudice as time barred, but offered Plaintiff one opportunity to seek to file an amended complaint to further address the time bar issue. (*See* ECF Nos. 17-18.) Judge Wolfson further noted, however, that if Plaintiff failed to file a new complaint raising timely claims, this matter would be dismissed with prejudice. (*Id.*)

After obtaining several extensions, Plaintiff filed his current motion seeking leave to file an amended complaint. (ECF Nos. 19-22, 27.) In his proposed amended complaint, Plaintiff once again seeks to raise various federal civil rights claims related to the alleged assaults and retaliatory activities that occurred between March 2015 and April 2016. (*See* ECF No. 27-3 at 6-22.) Nothing in Plaintiff's proposed amended complaint addresses the time bar issue, nor does Plaintiff attempt to offer any new arguments as to why his amended complaint should be considered timely. Plaintiff's proposed amended complaint is essentially a rehashing of his previously dismissed claims, unaccompanied by any basis for those claims being sufficiently timely to proceed.

## II.      LEGAL STANDARD

Because Plaintiff has previously been granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all

2

reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III.    DISCUSSION

In his amended complaint, Plaintiff brings various civil rights claims pursuant to 42 U.S.C. § 1983 arising out of events which occurred between March 2015 and April 2016. As Judge Wolfson previously explained to Plaintiff,

> Because a § 1983 claim is characterized as a personal-injury claim, such claims are governed by [New Jersey's two year] statute of limitations for personal-injury claims. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); *see also Cito v. Bridgewater Township Police Dept.*, 892 F.2d 23, 25 (3d Cir. 1989).
>
> The limitation period begins to run on the accrual date, which is governed by federal law. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). Under federal law, a claim accrues when the facts which support the claim reasonably should have become known to the plaintiff. *Sameric Corp. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998); *Cetel v. Kirwan Fin. Grp.. Inc.*, 460 F.3d 494, 507 (3d Cir. 2006) (quoting *Mathews v. Kidder Peabody & Co.*, 260 F.3d 239, 252 (3d Cir. 2001)); *see also Large v. County of Montgomery*, 307 F. App'x 606, 606 (3d Cir. 2009). "The determination of the time at which a claim accrues is an objective inquiry; [courts] ask not what the plaintiff actually knew but what a reasonable person should have known." *Kach*, 589 F.3d at 634. Importantly, accrual is not tied to whether the potential claimant knew or should have known that the injury constitutes a legal wrong. *Giles v. City of Philadelphia*, 542 F. App'x 121, 123 (3d Cir. 2013) (citing *Sandutch v. Muroski*, 684 F.2d 252. 254 (3d Cir. 1982)). Rather, "a cause of action accrues when the fact of injury and its connection to the defendant would be recognized by a reasonable person." *Kriss v. Fayette Cty.*, 827 F. Supp. 2d 477, 484 (W.D. Pa. 2011) aff'd, 504 F. App'x 182 (3d Cir. 2012) (emphasis added). Accordingly, "[a]s a general matter, a cause of action accrues at the time of the last event necessary to complete the tort, usually at the time the plaintiff suffers an injury." *Kach*, 589 F.3d at 634. Furthermore, "the rule that a cause of action accrues upon discovery of the injury does not require that a plaintiff have identified every party who may be liable on its claim." *Graff v. Kohlman*, 28 F. App'x 151, 154 (3d Cir. 2002) (citing *New Castle County v. Halliburton NUS Corp.*, 111 F.3d 1116, 1125 (3d Cir. 1997)).
>
> Here, [Plaintiff's] federal claims are untimely on the face of his [Amended] Complaint. Plaintiff alleges that the underlying acts and harm occurred [between] March [of] 2015 . . . and April 5, 2016. Absent tolling or delayed accrual, the two-year limitations periods

> for his claims ended, respectively, [between] March [of] 2017 . . . and April 5, 2018. The Complaint was received by the Clerk's Office on August 17, 2018, over four months after the expiration of the latest limitations period, and included a cover letter dated August 13, 2018. *See* ECF No. 1-3. The Court will give McKinney the benefit of the doubt, as appropriate for a *pro se* litigant, and assume, under the "mailbox rule," *see Houston* [*v. Lack*], 487 U.S. [266,] 270-71 [(1988)], that he may have given it to prison staff for filing as early as August 13, 2018. Nonetheless, the Complaint is still facially untimely.

(*See* ECF No. 17 at 7-9.)

Plaintiff's amended complaint seeks to raise claims which mirror those in his original complaint and which are therefore untimely on their face for the same reasons expressed by Judge Wolfson – they all accrued between March 2015 and April 2016, and became untimely between March 2017 and April 2018. Plaintiff's amended complaint and accompanying paperwork provide no basis for tolling, equitable or otherwise, nor do they contain any argument to set forth any other basis to evade the time bar previously outlined by Judge Wolfson. Plaintiff's federal claims are all clearly untimely on their face and Plaintiff has failed to provide any basis for tolling notwithstanding the multiple opportunities he has had to do so and the more than ten months Plaintiff had in which to draft his amended complaint. Because Plaintiff's claims are untimely, they shall be dismissed with prejudice as such.

Finally, the Court notes that Plaintiff also raises in his amended complaint a catch-all state law claim in which he states that he wishes to raise state law claims equivalent to his federal claims under the New Jersey Civil Rights Act and the New Jersey Tort Claims Act. Any equivalent state law claims, however, would still sound in personal injury and be subject to the same two-year limitations period applicable to his federal claims. *See, e.g., Bullock v. Borough of Roselle*, No. 17-13208, 2018 WL 4179481, at *9 (D.N.J. Aug. 31, 2018) (collecting cases). Plaintiff's proposed state law claims are therefore likewise facially untimely. As Plaintiff has been provided several

opportunities to show why his claims, including any state law claims, are not untimely, and has failed in his current filing to show any basis to find his state law claims timely, those claims, too, are dismissed with prejudice as untimely. Plaintiff's amended complaint is therefore dismissed with prejudice as time barred.

### IV. CONCLUSION

For the reasons expressed above, Plaintiff's motion seeking leave to amend (ECF No. 27) is **DENIED WITHOUT PREJUDICE** as Plaintiff was previously granted leave to amend, and his amended complaint (ECF No. 27-3) is **DISMISSED WITH PREJUDICE** as time barred. An order consistent with this Opinion will be entered.

s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE